Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Michele R. Fisher, MN Bar No. 340133*
fisher@nka.com
NICHOLS KASTER, PLLP
4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870
(*pro hac vice application forthcoming)

Jason Christopher Marsili, CA State Bar No. 233980
jmarsili@rmrllp.com
ROSEN MARSILI RAPP LLP
3600 Wilshire Blvd., Suite I 800
Los Angeles, CA 90010-2622
Telephone: (213) 389-6050
Facsimile: (213) 389-0663

*Attorneys for Plaintiffs and Others Similarly Situated*
*Additional Counsel Listed on Following Page*

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lisa Pittmon and Joel MacKay, on behalf of themselves and others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>CACI International, Inc. and | **Case No. _____**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**<br><br>**(1) Failure to Pay Overtime Compensation in Violation of the** |

-1-

CACI, Inc. - Federal,

                           Defendants.

**Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*)**

**(2)  Failure to Pay Overtime Compensation in Violation of California Law (Cal. Lab. Code §§ 510, 1194, and 1198, and IWC Wage Order(s))**

**(3)  Failure to Provide Itemized Wage Statements (Cal. Lab. Code § 226)**

**(4)  Failure to Provide and/or Authorize Meal and Rest Periods (Cal. Lab. Code §§ 226.7, 512, and IWC Wage Order)**

**(5) Failure to Pay Earned Wages Upon Discharge, Waiting Time Penalties in Violation of Labor Code §§ 201-203;**

**(6)   Violation of California Business and Professions Code § 17200 *et seq.***

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Benjamin L. Davis, III, MD Bar No. 29774*
bdavis@nicholllaw.com
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, MD 21201
Telephone: (410) 244-7005
Facsimile: (410) 244-1047
(*pro hac vice application forthcoming)

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

# **PRELIMINARY STATEMENT**

1.      This is a putative class and collective action brought by individual and representative Plaintiffs Lisa Pittmon and Joel MacKay, on behalf of themselves and the proposed California Class and nationwide FLSA Collective.  Plaintiffs and the putative class members are or were employed by Defendants CACI International, Inc. and CACI, Inc. - Federal (collectively "CACI" or "Defendants") as background investigators and were denied proper compensation as required by federal and state wage and hour laws.  These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and Rule 23 of the Federal Rules of Civil Procedure.

2.      The FLSA Collective is made up of all persons who Defendants employed as background investigators at any time within three years prior to this action's filing date through the trial of this action (the "Collective Period").

3.      The California Class is made up of all persons who Defendants employed as background investigators in the state of California at any time within four years prior to this action's filing date through the trial of this action (the "California Class Period").

4.      During the Collective Period, Defendants failed to pay overtime compensation to Plaintiffs and each member of the FLSA Collective as required by federal law.  Plaintiffs seek relief for themselves and for the FLSA Collective under the FLSA to remedy Defendants' failure to pay appropriate overtime compensation.

5.      During the California Class Period, Defendants failed to pay overtime compensation to Plaintiffs and each member of the California Class as required by California law, and therefore failed to pay all wages due at separation.  Defendants also failed to authorize, permit, or provide meal and rest periods and failed to provide complete and accurate wage statements.  Plaintiffs seek relief for themselves and the California Class under California law to remedy Defendants' failure to pay appropriate overtime compensation, to provide, authorize, and/or permit meal and

-4-

1    rest periods, to promptly pay all wages at the time of separation, and to provide
2    accurate wage statements, in addition to equitable and injunctive relief.

3                              **THE PARTIES**

4           6.     Individual and representative Plaintiff Lisa Pittmon is an individual
5    residing in California.  Defendants employed her as a background investigator from
6    May of 2019 until May of 2020.  Plaintiff Pittmon worked remotely from her home
7    but was assigned a territory that included numerous worksite locations within Los
8    Angeles, Kern, and San Bernardino Counties.

9           7.     Individual and representative Plaintiff Joel MacKay is an individual
10   residing in California.  Defendants employed him as a background investigator from
11   approximately April of 2019 until approximately September of 2020.   Plaintiff
12   McKay worked remotely from his home but was assigned a territory that included
13   numerous worksite locations within Los Angeles and Kern Counties.

14          8.     Defendant CACI International, Inc. is a Delaware Corporation
15   headquartered in Arlington, Virginia.  Defendant CACI, Inc. – Federal is also a
16   Delaware Corporation headquartered in Arlington, Virginia.

17          9.     CACI is one of the largest background investigation firms in the world.
18   Defendants' primary customers are agencies and departments of the U.S.
19   government.    Through its subsidiaries, CACI employees more than 23,000
20   individuals  in  many  capacities,  including  those  performing  background
21   investigations in conjunction with the U.S. government.

22          10.    Defendants' gross annual sales made or business done has been
23   $500,000.00 or greater at all times relevant herein.  Defendants operate in interstate
24   commerce by performing their services throughout the United States.

25                        **JURISDICTION AND VENUE**

26          11.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331
27   as this case is brought under the FLSA, 29 U.S.C. §§ 201 *et seq*.  Plaintiffs have
28   signed consent forms to join this lawsuit, which are attached as Exhibit A.  Four

1   additional background investigators have also signed consent forms to opt-in to this

2   action, which are attached as Exhibit B.  As this case proceeds, it is likely that other

3   individuals will file consent forms and join as opt-in plaintiffs.  This Court also has

4   supplemental jurisdiction over Plaintiffs' California state law claims pursuant to 28

5   U.S.C. § 1367.

6        12.    Venue is proper in the United States District Court, Central District of

7   California pursuant to 28 U.S.C. § 1391, because Plaintiffs worked in Los Angeles

8   County, California, because Plaintiff Pittmon resides in Los Angeles County, and

9   because a substantial part of the events giving rise to the claims occurred in this

10  district.  This case is properly assigned to the Western Division of the Central District.

11                          **FACTUAL ALLEGATIONS**

12       13.    During the applicable statutory period, Plaintiffs, the FLSA Collective

13  and California Class worked as background investigators for Defendants.

14  Defendants employed them within the meaning of the FLSA.

15       14.    Plaintiffs, the FLSA Collective, and California Class are or were hourly-

16  paid, non-exempt employees eligible for overtime pay.

17       15.    Background investigators are responsible for conducting face-to-face

18  interviews with the subject of the investigations, as well as other people who may

19  know them, to establish the background, reputation, character suitability and

20  qualifications of the subject.  The information is used by others in determining

21  employment suitability of persons who require access to sensitive or classified U.S.

22  government information.

23       16.    Investigators also complete searches for information from law

24  enforcement agencies, courthouses, educational and financial institutions, and

25  medical and/or mental health facilities when necessary.  After gathering all required

26  information, investigators compile and submit reports using Defendants' computer

27  systems.  Background investigators are required to complete assigned investigations

28  within strict timeframes.

-6-

17.    Defendants operated under a common policy and/or practice of suffering and permitting and/or requiring Plaintiffs and those similarly situated to work unpaid overtime hours.

18.    Defendants imposed production requirements that, if not met, could subject Plaintiffs, the FLSA Collective, and the California Class to disciplinary action or lead to demotion or termination.

19.    Defendants discouraged Plaintiffs, the FLSA Collective, and the California Class from recording all their overtime hours worked, instead instructing them to record forty hours per week. Defendants' policies and practices related to the setting and enforcing of production metrics required and caused Plaintiffs, the FLSA Collective, and California Class to underreport their actual hours worked, resulting in Plaintiffs, the FLSA Collective, and California Class not being paid for all of their overtime hours worked.  Defendants also required Plaintiffs and the California Class to record that they had taken meal periods, regardless of whether or not they had actually been relieved of duty.

20.    Plaintiffs, the FLSA Collective, and the California Class regularly worked unpaid overtime hours to meet Defendants' production requirements.

21.    Prior to approximately March of 2020, when the COVID-19 pandemic caused a reduction in the volume of work Defendants assigned to her, Plaintiff Pittmon typically worked approximately nine hours during the day, and another two hours in the evening on average, although the start and end times of each portion of her workday varied depending on assignments and workload, Monday through Friday.  Due to the heavy workload Defendants assigned to her and Defendants' production metrics, Plaintiff Pittmon routinely worked through her meal and rest breaks.  As a result, on average, Plaintiff Pittmon worked approximately fifty-five (55) to sixty (60) hours per week.  For example, during the workweek ending November 1, 2019, Plaintiff Pittmon estimates that she worked approximately sixty

1   (60) hours.  Plaintiff Pittmon was not paid for the overtime hours she worked during

2   this period.

3       22.    Prior to approximately March of 2020, when the COVID-19 pandemic

4   caused a reduction in the volume of work Defendants assigned to him, Plaintiff

5   MacKay typically worked from approximately 7:00 a.m. to about 7:00 p.m., Monday

6   through Friday.  Due to the heavy workload Defendants assigned to him and

7   Defendants' production metrics, Plaintiff MacKay typically worked through his meal

8   and rest breaks.  Plaintiff MacKay also occasionally performed work on weekends.

9   As a result, on average, Plaintiff MacKay worked approximately sixty (60) hours per

10  week.  For example, during the workweek ending December 8, 2019 Plaintiff

11  MacKay estimates that he worked approximately (60) hours.  Plaintiff MacKay was

12  not paid for the overtime hours he worked during this period.

13      23.    Defendants required Plaintiffs, the FLSA Collective, and the California

14  Class to record their hours in an electronic time-keeping system.  However,

15  Defendants' supervisors reviewed background investigators' timesheets before they

16  were submitted and could, and did, reject them if they showed overtime or if they did

17  not reflect meal breaks (whether or not those breaks were taken).  As a result, the

18  hours recorded in the electronic time-keeping system did not accurately reflect all of

19  the hours Plaintiffs, the FLSA Collective, and the California Class worked.

20      24.    Defendants knew, or should have known, that Plaintiffs, the FLSA

21  Collective, and the California Class routinely worked unpaid overtime hours.

22  Defendants knew, or should have known, that Plaintiffs and the California Class were

23  not provided compliant meal and rest periods, and worked without receiving

24  premium pay for missed meal and rest breaks.  The heavy workload Defendants

25  assigned to background investigators and Defendants' production metrics caused

26  them to work overtime.  Many of Defendants' supervisors and team leads were

27  investigators prior to transitioning into supervisory positions.  As a result, upon

28  information and belief, Defendants' management-level employees also worked

-8-

unpaid overtime hours themselves during their employment as background investigators.

25.    Plaintiffs' supervisors acknowledged in emails and on teleconference calls that Plaintiffs and other background investigators worked overtime hours, but still refused to approve all the overtime hours that they worked.

26.    Plaintiffs and those similarly situated worked in excess of forty (40) hours per week and/or eight (8) hours per day for Defendants on one or more occasions without receiving proper overtime pay.

27.    Due to Defendants' production requirements, Plaintiffs often did not take rest breaks or take a 30 minute meal period when they were relieved of all duty. Defendants did not have a policy of paying premiums when Plaintiffs were not provided with a meal period, but instead instructed Plaintiffs to record a meal break on their timesheets.

28.    Defendants did not keep accurate records of the hours Plaintiffs and other background investigators worked.  Because Defendants did not pay Plaintiffs and other background investigators for all hours worked, including overtime hours, Defendants' wage statements did not accurately reflect all hours worked. Those wage statements also did not accurately reflect all rates of pay, and did not itemize the hours worked at each rate of pay.

29.    Plaintiff Pittmon's employment with Defendants ended in May of 2020 and Plaintiff MacKay's ended in September of 2020.  However, Defendants failed to pay all wages that were due at that time, include overtime premiums.  More than 30 days have passed since the end of Plaintiffs' employment, and Defendants still have not paid all wages that are due and owing.

30.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

31.    Defendants' conduct, as set forth in this Complaint, was willful and in bad faith. Defendants operated under a scheme that has caused significant damages

to Plaintiffs and the similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

32.   Plaintiffs bring this action on behalf of themselves and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are as follows:

**FLSA Collective:** All Persons who Defendants employed as background investigators within the United States within the period starting three years prior to the filing of the initial complaint in this action until trial of this action.

33.   Upon information and belief, Defendants knew that Plaintiffs and the FLSA Collective performed work that required overtime pay. Defendants operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked.

34.   Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective, and as such, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CLASS ACTION ALLEGATIONS

35.   Plaintiffs bring this action on behalf of themselves and as a class action on behalf of all similarly situated background investigators. The California Class is defined as follows:

**California Class:** All current and former background investigators Defendants employed in the state of California at any time starting four years prior to the filing date of this complaint, through the date of trial.

-10-

36.    This action is properly brought as a class action pursuant to the class action procedures of Rule 23 of the Federal Rules of Civil Procedure.

37.    The class is so numerous that joinder of all members is impractical. While the exact number and identities of class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that there are at least seventy-five (75) class members.

38.    This litigation is properly brought as a class action because of the existence of questions of fact and law common to Plaintiffs and other members of the class which predominate over any questions affecting only individual members, including:

a.    Whether Defendants are liable to members of the class described above for violations of the applicable labor codes;

b.    Whether Defendants failed to pay proper overtime pay to members the class described above;

c.    Whether Defendant failed to provide off-duty meal periods;

d.    Whether Defendant failed to permit and authorize paid, off-duty rest periods;

e.    Whether Defendants knowingly and intentionally failed to provide accurate wage statements;

f.    Whether Defendants willfully failed to pay all wages due at termination; and

g.    Whether Defendants engaged in unfair competition.

39.    This litigation is properly brought as a class action because Plaintiffs' claims are typical of the claims of the class members, inasmuch as all such claims arise from Defendants' standard policies and practices, as alleged herein.

40.    Like all class members, Plaintiffs were damaged by Defendants' system-wide policies and practices of failing to pay background investigators overtime pay for overtime hours worked, failing to provide meal periods and to

1  authorize and permit rest breaks, failing to provide compliant wage statements, and

2  failing to pay all wages due at separation from employment, thus giving rise to legal

3  remedies under applicable California labor law.

4      41.    Plaintiffs have no interests antagonistic to the interests of other class

5  members.

6      42.    Plaintiffs are committed to the vigorous prosecution of this action and

7  retained competent counsel experienced in class action litigation. Accordingly,

8  Plaintiffs are adequate and will fairly and adequately protect the interests of the class.

9      43.    A class action is an appropriate and superior method for the fair and

10 efficient adjudication of the controversy, particularly in the context of wage and hour

11 litigation where individual plaintiffs lack the financial resources to vigorously

12 prosecute separate lawsuits in federal court against large corporate defendants.

13     44.    Class certification is also fair and efficient because prosecution of

14 separate actions by individual class members would create a risk of differing

15 adjudications with respect to such individual members of the classes, which as a

16 practical matter may be dispositive of the interests of other members not parties to

17 the adjudication, or substantially impair or impede their ability to protect their

18 interests. Plaintiffs anticipate there will be no difficulty in the management of this

19 litigation. This litigation presents claims under applicable state wage statutes of a

20 type that have often been prosecuted on a class wide basis, and the manner of

21 identifying the class members and providing any monetary relief to it can easily be

22 effectuated from a review of Defendants' records.

23                          **FIRST CLAIM FOR RELIEF**

24          **FAILURE TO PAY OVERTIME UNDER THE FLSA**

25                        29 U.S.C. §§ 201 *et seq.*

26              (On Behalf of Plaintiffs and the FLSA Collective)

27     45.    Plaintiffs and the FLSA Collective allege and incorporate by reference

28 the allegations in the preceding paragraphs.

46.     At all relevant times, Defendants were "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants employed employees, including Plaintiffs and each member of the FLSA Collective.

47.     Plaintiffs consent in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b).  As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

48.     The FLSA requires all covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

49.     Plaintiffs and the FLSA Collective are entitled to be paid overtime compensation for all hours worked.  By failing to compensate Plaintiffs and the FLSA Collective overtime compensation, Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq*.

50.     By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the FLSA Collective, Defendants failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq*.

51.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

52.     Plaintiffs, on behalf of themselves and the FLSA Collective, seek damages in the amount of all unpaid overtime compensation owed to themselves and the FLSA Collective, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

53.     Plaintiffs, on behalf of themselves and the FLSA Collective, seek

-13-

recovery of attorneys' fees and costs to be paid by Defendants, as provided by the
FLSA, 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**

**FAILURE TO PAY OVERTIME UNDER CALIFORNIA LAW**

Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194, 1198

(On Behalf of Plaintiffs and the California Class)

54.    Plaintiffs allege and incorporate by reference the allegations in the
preceding paragraphs.

55.    At all times relevant to this action, Plaintiffs and members of the
California Class were employed by Defendants within the meaning of the California
Labor Code.

56.    By the course of conduct set forth above, Defendants violated Cal.
Labor Code §§ 510, 1194, and 1198.

57.    The California Labor Code requires employers, such as Defendants, to
pay overtime compensation to all non-exempt employees.

58.    Plaintiffs and members of the California Class were non-exempt
employees entitled to be paid proper overtime compensation for all overtime hours
worked.

59.    During the relevant statutory period, Plaintiffs and Class Members
worked in excess of eight (8) hours in a work day and/or forty (40) hours in a work
week, and on occasion over twelve hours in a day and/or a seventh consecutive day
for Defendants.

60.    During the relevant statutory period, Defendants failed and refused to
pay the Plaintiffs and the California Class proper overtime compensation for
overtime hours worked.

61.    Defendants had a policy and practice of failing and refusing to pay
proper overtime pay to Plaintiffs and members of the California Class for overtime
hours worked.

-14-

62.    As a result of Defendants' failure to pay wages earned and due, Defendants violated the California Labor Code.

63.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants, prejudgment interest, and attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### Cal. Labor Code § 226

(On Behalf of Plaintiffs and the California Class)

64.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

65.    Defendants knowingly and intentionally failed to provide Plaintiffs and the California Class with timely, accurate, itemized wage statements showing all items required pursuant to California Labor Code § 226(a), including, but not limited to, total hours worked, rates of pay, and hours worked at each rate of pay.

66.    Pursuant to Labor Code section 226(e)(2), Plaintiffs and members of the California Class suffered injury because, due to Defendants' failure to provide the required information, Plaintiffs and Class Members could not promptly and easily determine, among other things, their hours worked, rates of pay, and hours worked at each rate of pay.

67.    Plaintiffs, individually and on behalf of the California Class, are entitled to and do seek injunctive relief requiring Defendants to comply with Labor Code § 226(a) and further seek the amount provided under Labor Code § 226(e), including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, plus attorneys' fees and costs.

1

2 <u>**FOURTH CLAIM FOR RELIEF**</u>

3 <u>**FAILURE TO AUTHORIZE, PERMIT, OR PROVIDE MEAL AND REST**</u>

4 <u>**PERIODS**</u>

5 <u>Cal. Wage Order No. 4; Cal. Labor Code §§ 226.7, 512</u>

6 (On Behalf of Plaintiffs and the California Class)

7       68.    Plaintiffs allege and incorporate by reference the allegations in the

8 preceding paragraphs.

9       69.    California Labor Code § 512 prohibits an employer from employing an

10 employee for a work period of more than five hours per day without providing the

11 employee with a meal period of not less than 30 minutes, or for a work period of

12 more than 10 hours per day without providing the employee with a second meal

13 period of not less than 30 minutes.

14       70.    Section 11 of Wage Order No. 4 provides (and at all times relevant

15 hereto provided) in relevant part that:

16             No employer shall employ any person for a work period of more

17             than five (5) hours without a meal period of not less than 30

18             minutes, except that when a work period of not more than six (6)

19             hours will complete the day's work the meal period may be waived

20             by mutual consent of the employer and employee. Unless the

21             employee is relieved of all duty during a 30 minute meal period,

22             the meal period shall be considered an "on duty" meal period and

23             counted as time worked. An "on duty" meal period shall be

24             permitted only when the nature of the work prevents an employee

25             from being relieved of all duty and when by written agreement

26             between the parties an on-the-job paid meal period is agreed to.

27             The written agreement shall state that the employee may, in

28             writing, revoke the agreement at any time. If an employer fails to

provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

71.    Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.  If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

72.    California Labor Code § 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

73.    Defendants knowingly failed to provide Plaintiffs and the California Class with meal periods as required by law, and knowingly failed to authorize and

permit Plaintiffs and the California Class to take rest periods as required by law. Plaintiffs and Class Members are therefore entitled to payment of the meal and rest period premiums as provided by law.

## FIFTH CLAIM FOR RELIEF

## WAITING TIME PENALTIES

### California Labor Code §§ 201-203

(On Behalf of Plaintiffs and the California Class)

74.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

75.    California Labor Code sections 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code section 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

76.    Plaintiffs and other Class Members who ceased employment with Defendants are entitled to unpaid compensation, but to date have not received such compensation, more than 72 hours after the cessation of their employment.

77.    Defendants failed to pay the earned and unpaid wages of all Plaintiffs within 30 days from the time such wages should have been paid under Labor Code sections 201 and 202.

78.    Defendants willfully failed to timely compensate Plaintiffs and other Class Members for all hours worked.  As a result, Defendants are liable to Plaintiffs and other Class members whose employment ended within the year prior to the initial filing of this suit for waiting time penalties under California Labor Code section 203.

## SIXTH CLAIM FOR RELIEF

## CALIFORNIA UNFAIR COMPETITION LAW

### Cal. Bus. & Prof. Code §§ 17200 *et seq.*

(On Behalf of Plaintiffs and the California Class)

-18-

79.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

80.    The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*. The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

81.    Beginning at a date unknown to Plaintiffs, at least as long ago as the year 2016, Defendants committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendants' conduct as herein alleged has injured Plaintiffs and Class Members by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiffs and Class Members.

82.    Defendants engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws.  Each of these violations constitutes an independent and separate violation of the UCL:

        A.    Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

        B.    California Labor Code §§ 510, 1194, & 1198

        C.    California Labor Code § 226.7 & 512

        D.    IWC Wage Order 4

83.    Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

84.    The harm to Plaintiffs and Class Members in being wrongfully denied lawfully earned wages outweighed the utility, if any, of Defendants' policies or practices and therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

85.    Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiffs are entitled to restitution of the overtime earnings, meal and rest period premiums, and other unpaid wages alleged herein that were withheld and retained by Defendants during a period that commences four years prior to the filing of this action, a permanent injunction requiring Defendants to pay required wages, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the FLSA Collective, pray for relief as follows:

A.    Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B.    Judgment that Plaintiffs and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C.    Judgment against Defendants for violation of the overtime provisions of the FLSA;

D.    Judgment that Defendants' violations as described above were willful;

E.    An award in an amount equal to Plaintiffs' and the Collective's unpaid back wages at the applicable overtime rate;

F.    An award to Plaintiffs and those similarly situated for the amount of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

G.      An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

H.      An award of prejudgment interest to the extent liquidated damages are not awarded;

I.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

J.      For such other and further relief, in law or equity, as this Court may deem appropriate and just.

WHEREFORE, Plaintiffs, on behalf of themselves and the California Class, pray for additional relief as follows:

A.      That the Court determine that this action may be maintained as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure.

B.      That Plaintiffs be designated as the representatives of the Rule 23 California Class, and Plaintiffs' Counsel be designated as Class Counsel.

C.      Unpaid overtime wages, meal and rest period premiums, and other due wages, and injunctive relief, pursuant to California law;

D.      Appropriate equitable relief to remedy Defendants' violations of state law;

E.      Appropriate statutory penalties;

F.      An award of damages and restitution to be paid by Defendants according to proof;

G.      Attorneys' fees and costs of suit, including expert fees pursuant to Cal. Labor Code §§ 1194 and 226, and Cal. Code of Civil Procedure § 1021.5;

H.     That Defendants be further enjoined to cease and desist from the unlawful activities in violation of the state laws cited above;

I.     Pre-judgment and post-judgment interest, as provided by law; and

J.     Such other equitable relief as the Court may deem just and proper.


Dated:  March 5, 2021                    **NICHOLS KASTER, LLP**

                                         By:     s/ Daniel S. Brome
                                                 Daniel S. Brome

                                         Attorney for Plaintiffs and Others Similarly Situated