Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA  94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Michele R. Fisher, MN State Bar No. 340133*
fisher@nka.com
NICHOLS KASTER, PLLP
4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870
(*admitted *pro hac vice*)

Jason Christopher Marsili, CA State Bar No. 233980
jmarsili@rmrllp.com
ROSEN MARSILI RAPP LLP
3600 Wilshire Blvd., Suite 1800
Los Angeles, CA  90010-2622
Telephone: (213) 389-6050
Facsimile: (213) 389-0663

*Attorneys for Plaintiff and Others Similarly Situated*
*Additional Counsel Listed on Following Page*

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lisa Pittmon and Joel MacKay, on behalf of themselves and others similarly situated, and on behalf of the general public, <br><br> Plaintiff, <br><br> v. <br><br> CACI International Inc. and CACI, Inc. | Case No. 2:21-cv-02044-CJC-JEM <br><br> **NOTICE OF MOTION AND MOTION FOR DISTRIBUTION OF JUDICIAL NOTICE** <br><br> Date: August 2, 2021 <br> Time: 1:30 p.m. <br> Place: Courtroom 9 B <br> Hon. Cormac J. Carney |

1    – Federal,

2                   Defendant.

3

4

5    Benjamin L. Davis, III, MD State Bar No. 29774*

   bdavis@nicholllaw.com

6    THE LAW OFFICES OF PETER T. NICHOLL

7    36 South Charles Street, Suite 1700

   Baltimore, MD 21201

8    Telephone: (410) 244-7005

9    Facsimile: (410) 244-1047

   (*admitted *pro hac vice*)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR DISTRIBUTION OF JUDICIAL NOTICE

## NOTICE OF MOTION AND MOTION

**TO THE COURT AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on August 2, 2021, at 1:30 p.m., or as soon thereafter as the matter may be heard, at the United States District Court for the Central District of California, Southern Division, Ronald Reagan Federal Building, United States Courthouse, 411 West Fourth Street, Santa Ana, CA, 92701, 9th Floor, Courtroom 9B, before the Hon. Cormac J. Carney, Plaintiffs Lisa Pittmon and Joel MacKay ("Plaintiffs"), for themselves and on behalf of all others similarly situated, will move for an order approving distribution of judicial notice under the federal Fair Labor Standard Act ("FLSA"). This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 23, 2021.

The motion is made pursuant to the FLSA, 29, U.S.C. § 216(b), upon the grounds that the Named and Opt-in Plaintiffs and the current and former employees they seek to represent are "similarly situated," and that notice of this action should be promptly sent to these individuals giving them notice of the lawsuit and the opportunity to join. *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

Plaintiffs move for an order:

1) Requiring Defendants, within ten days of the Court's order, to provide Plaintiffs' counsel with a list (in Excel or similar format) of <u>all employees who work or worked as background investigators for Defendants, at any time from three years prior to the filing of this action</u>. This list should include each individual's (1) name, (2) unique employee identifier, (3) addresses, (4) cellular telephone number, and (5) personal email address.

2) Approving Plaintiffs' proposed forms of notice and consent to join form and authorizing distribution of notice by U.S. Mail, email, and text-message to all background investigators on the list described

above, with a reminder postcard distributed 60 days after the day the original notice was distributed.

3) Permitting a 90-day period for background investigators to submit their consent to join forms, from the day the original notice is distributed.

This motion is supported by this notice, the consolidated memorandum of points and authorities, the declarations of counsel, the Named and Opt-in Plaintiffs, any argument taken by the Court, as well as all other pleadings and documents which comprise the Court record.

Dated: July 2, 2021                         **NICHOLS KASTER, LLP**

By:  s/Daniel S. Brome
Daniel S. Brome

Attorney for Plaintiffs and Others Similarly Situated

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 1

I.    INTRODUCTION ................................................................................ 1

II.   FACTUAL BACKGROUND ............................................................... 2

  A.   The Parties and Procedural Posture ............................................. 2

  B.   Background Investigators Perform the Same Job, are Paid the Same Way, and are all Subject to Defendants' Unlawful Policy and Practice of not Paying for all Time Worked ................................................................................. 3

III.  ARGUMENT ...................................................................................... 5

  A.   The Lenient Standard for Authorizing Notice ............................. 5

  B.   Plaintiffs Have Shown that Background Investigators are Similarly Situated. ........................................................................................... 8

  C.   Court Authorized Notice is Appropriate ..................................... 10

  D.   The Names and Contact Information for all Putative Collective Members is Necessary to Carry out Notice .............................................. 13

IV.   CONCLUSION ................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530 (N.D. Cal. 2007)....................10

*Belt v. P.F. Chang's China Bistro, Inc.*, 2020 WL 3829026 (E.D. Pa. Jul. 8, 2020) .................................................................................................................11

*Boyd v. Bank of Am. Corp.*, 2013 WL 6536751 (C.D. Cal. Dec. 11, 2013)...............8

*Brennan v. Qwest Communications Int'l, Inc.*, 2008 WL 819773 (D. Minn. Mar. 25, 2008)...................................................................................................10

*Brooks v. A. Rainaldi Plumbing, Inc.*, 2006 WL 3544737 (M.D. Fla. Dec. 8, 2006) 8

*Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018) ......................5, 6, 7

*Carter v. Anderson Merchandisers, LP*, 2008 WL 2783193 (C.D. Cal. 2008) .......14

*Cuevas v. Dias & Fragoso, Inc.*, 2018 WL 1725605 (E.D. Cal. Apr. 10, 2018).....13

*Droesch v. Wells Fargo Bank, N.A.*, 2021 WL 1817058 (N.D. Cal. May 6, 2021)..8, 9, 10

*Dudley v. TrueCoverage LLC*, 2018 WL 6431869 (C.D. Cal. Sep. 28, 2018) ..11, 13

*Eley v. Stadium Grp., LLC*, 2015 WL 5611331 (D.D.C. Sept. 22, 2015)................12

*Gatdula v. CRST Int'l, Inc.*, 2012 WL 12884919 (C.D. Cal. Aug. 21, 2012) ..........13

*Gee v. Suntrust Mortg., Inc.*, 2011 WL 722111 (N.D. Cal. Feb. 18, 2011).............13

*Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66 (2013) .......................................7

*Goodwin v. Citywide Home Loans, Inc.*, 2014 WL 7174223 (C.D. Cal. Nov. 6, 2014)..................................................................................................13, 14

*Halle v. W. Penn Allegheny Health System Inc.*, 842 F.3d 215 (3d Cir. 2016) .........7

*Hammond v. Floor & Decor Outlets of Am., Inc.*, 2020 WL 6459641 (M.D. Tenn. Nov. 3, 2020)......................................................................................10

*Harris v. 68-444 Perez, Inc.*, 2020 WL 6586312 (C.D. Cal. Apr. 23, 2020)...........13

*Harris v. Vector Marketing Corp.*, 716 F. Supp. 2d 835 (N.D. Cal. 2010) ...............8

*Hernandez v. Sephora USA, Inc.*, 2017 WL 6209308 (N.D. Cal. Dec. 8, 2017) ..... 10

*Herrera v. EOS IT Mgmt. Sols., Inc.*, 2020 WL 7342709 (N.D. Cal. Dec. 14, 2020) ................................................................................................................. 11, 14

*Hightower v. JPMorgan Chase Bank, N.A.*, 2015 WL 12644569 (C.D. Cal. Feb. 3, 2015) ............................................................................................................. 13

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) ................... 6, 10, 11, 13

*Irvine v. Destination Wild Dunes Mgmt.*, Inc., 132 F. Supp. 3d 707 (D.S.C. 2015) 12

*Knight v. Concentrix Corp.*, 2019 WL 3503052 (N.D. Cal. Aug. 1, 2019) .............. 8

*La Parne v. Monex Deposit Co.*, 2009 WL 10674429 (C.D. Cal. Mar. 9, 2009) ...... 7

*Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462 (N.D. Cal. 2004) ...................... 8

*Lupardus v. Elk Energy Servs., LLC*, 2020 WL 4342221 (S.D. W. Va. July 28, 2020) ............................................................................................................. 11

*Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357 (S.D.N.Y. 2007) ............ 7

*Miller v. MV Transp., Inc.*, 331 F.R.D. 104 (W.D. Tex. 2019) ............................... 10

*Misra v. Decision One Mortg. Co., LLC,* 673 F. Supp. 2d 987 (C.D. Cal. 2008) 7, 14

*Ortega v. Spearmint Rhino Companies Worldwide, Inc.*, 2019 WL 2871156 (C.D. Cal. May 15, 2019) ...................................................................................... 13

*Ray v. California Dep't of Soc. Servs.*, 2019 WL 6888050 (C.D. Cal. Dec. 11, 2019) ...................................................................................................... 6, 7, 11, 13

*Ribot v. Farmers Ins. Group*, 2013 WL 5351085 (C.D. Cal. Sept. 24, 2013) ......... 13

*Richie v. Blue Shield of California*, 2014 WL 6982943 (N.D. Cal. Dec. 9, 2014) .... 7

*Saleh v. Valbin Corp.*, 297 F. Supp. 3d 1025 (N.D. Cal. 2017) ............................... 13

*Sanchez v. Sephora USA, Inc*., 2012 WL 2945753 (N.D. Cal. July 18, 2012) .... 8, 10

*Shafer v. Red Tie, LLC*, 2021 WL 1139739 (C.D. Cal. Mar. 25, 2021) ................... 13

*Shoults v. G4S Secure Sols. (USA) Inc.*, 2020 WL 8674000 (D. Ariz. July 31, 2020) ............................................................................................................. 11

NOTICE OF MOTION AND MOTION FOR DISTRIBUTION OF JUDICIAL NOTICE

*Soto v. O.C. Communs., Inc.*, 319 F. Supp. 3d 1165 (N.D. Cal. 2018) ...................... 7

*Stitt v. San Francisco Mun. Transportation Agency*, 2014 WL 1760623 (N.D. Cal. May 2, 2014) ....................................................................................................... 10

*Tomassi v. City of Los Angeles*, 2008 WL 4722393 (C.D. Cal. Oct. 24, 2008) ....... 14

*Vigers v. Emergency Servs. Restoration, Inc.*, 2018 WL 6930885 (C.D. Cal. June 21, 2018) ................................................................................................................ 12

*Villarreal v. Caremark LLC*, 2014 WL 4247730 (D. Ariz. 2014) ............................ 7

*Zissa v. Cty. of Los Angeles*, 2019 WL 8953355 (C.D. Cal. Sept. 20, 2019) .. 8, 9, 10

**Statutes**

29 U.S.C. § 207(a)(1) ................................................................................................ 5

29 U.S.C. § 216(b) ............................................................................................ 5, 6, 7

NOTICE OF MOTION AND MOTION FOR DISTRIBUTION OF JUDICIAL NOTICE

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Lisa Pittmon and Joel MacKay ("Plaintiffs") are background investigators who worked for Defendants CACI International, Inc. and CACI, Inc. – Federal ("Defendants" or "CACI"). Plaintiffs brought this action because Defendants failed to pay them and other similarly situated background investigators across the country for overtime hours worked. Plaintiffs seek authorization to send judicial notice to other putative plaintiffs, notifying them of this lawsuit and providing them with an opportunity make a claim for their unpaid overtime wages.

Plaintiffs easily meet their lenient burden of showing that they and other background investigators are similarly situated. Regardless of the location or timeframe of their employment, all background investigators share the same job of performing background investigations on individuals seeking to obtain security clearance. All background investigators are compensated in the same manner, on an hourly basis, and are subject to Defendants' policy and practice of restricting them from recording all their overtime hours worked.

Because the statute of limitations continues to run on the putative opt-ins' FLSA claims, Plaintiffs seek an Order directing prompt issuance of Court-authorized notice and directing Defendants to provide a list, within 10 days of the Court's Order, of all individuals they employed as background investigators within the period starting three years prior to the filing of the initial complaint through the present. The list should include each individual's (1) name, (2) unique employee identifier, (3) addresses, (4) cellular telephone number, and (5) personal email address.

In order to effectuate the goal of FLSA opt-in notice – i.e., that the Court-approved notice is actually received and reviewed – Plaintiffs request authorization

to send notice of this collective action by mail, email, and text message, plus a reminder postcard, as explained below.

## II.    FACTUAL BACKGROUND

### A. The Parties and Procedural Posture

Named Plaintiff Pittmon worked as a background investigator for Defendants from May 2019 until May 2020. (Pittmon Decl. ¶ 2.) Pittmon worked remotely from her home and in the field and had covered a territory that included Los Angeles, Kern, and San Bernardino counties. (*Id.* ¶ 3.) Named Plaintiff MacKay worked as a background investigator for Defendants from April 2019 until September 2020. (MacKay Decl. ¶ 2.) MacKay also worked remotely from his residence and in the field was responsible for covering a geographic territory in Los Angeles and Kern counties. (*Id.* ¶ 3.)

CACI International, Inc. is a Delaware corporation headquartered in Arlington, Virginia. (Compl. ¶ 8, ECF No. 1.) Defendant CACI, Inc. – Federal is also a Delaware corporation headquartered in Arlington, Virginia. (*Id.* ¶ 8.) CACI is one of the largest background investigation firms in the country, serving primarily agencies and departments of the U.S. government. (*Id.* ¶ 9.)

On March 5, 2021, Plaintiffs filed a putative collective action complaint on behalf of themselves and others similarly situated pursuant to section 216(b) of the FLSA. (Compl., ECF No. 1.) Plaintiffs allege that Defendants' policies and practices, including, but not limited to, mandatory production metrics, required Plaintiffs and others similarly situated to underreport their work hours, and that Defendants suffered and permitted background investigators to work unpaid overtime hours as a result. (*Id.* ¶¶ 17–20.)

On April 1, 2021, Defendants filed an Answer, denying Plaintiffs' allegations and asserting several affirmative defenses. (Def. Ans., ECF No. 21.) On April 6, the Court entered a Notice of Intent to issue a scheduling order, directing the Parties to

meet and confer and submit a joint report. (ECF No. 25.) On May 7, 2021, the Parties submitted a Joint Rule 26(f) Report. (ECF No. 32.)

To date, including the two Named Plaintiffs, a total of twenty-one background investigators filed consent forms to join the case, asserting Defendants denied them overtime pay. (*See* ECF Nos. 1-1, 1-2, 18-1, 19-1, 24-1, 31-1, 33-1, 34-1, 35-1, 38-1, 39-1, 40-1.) The Parties exchanged initial disclosures but have not engaged in discovery. (Brome Dec. ¶ 2.)

**B. Background Investigators Perform the Same Job, are Paid the Same Way, and are all Subject to Defendants' Unlawful Policy and Practice of not Paying for all Time Worked**

Plaintiffs and the similarly situated individuals work or worked for Defendants as background investigators. (Pittmon Dec. ¶ 2; MacKay Dec. ¶ 2; Baldwin Dec. ¶ 2; Bogenhagen Dec. ¶ 2; Combs Dec. ¶ 2; Long Dec. ¶ 2; McCuan Dec. ¶ 2; Vidamo Dec. ¶ 2.) They all worked out of their home and in the field, and were responsible for covering a specific geographic territory. (*Id.* ¶ 3.) Defendants paid background investigators on an hourly basis. (*Id.* ¶ 5.)

Regardless of where they worked, background investigators share the same primary job duty, which is to conduct background investigations on individuals seeking to obtain security clearance. (*Id.* ¶ 6; *see also* Compl. ¶¶ 15–16, ECF No. 1; Def. Ans. ¶¶ 15–16, ECF No. 21.) Background investigators spend their workday conducting interviews and collecting documents and records such as certificates from educational facilities or paperwork from prior employers. (Pittmon Dec. ¶ 6; MacKay Dec. ¶ 6; Baldwin Dec. ¶ 6; Bogenhagen Dec. ¶ 6; Combs Dec. ¶ 6; Long Dec. ¶ 6; McCuan Dec. ¶ 6; Vidamo Dec. ¶ 6.) They are also required to compile and submit reports consisting of their interview notes and documents collected. (*Id.*)

Defendants assigned a volume of work that background investigators generally could not complete in 40 hours per week, and as a result, background

investigators regularly worked long hours. (Pittmon Dec. ¶¶ 8–9; MacKay Dec. ¶¶ 8–9; Baldwin Dec. ¶¶ 8–9; Bogenhagen Dec. ¶¶ 8–9; Combs Dec. ¶¶ 8–9; Long Dec. ¶¶ 8–9; McCuan Dec. ¶¶ 8–9; Vidamo Dec. ¶¶ 8–9.) Defendants imposed strict production metrics, and background investigators risked discipline or termination if they did not meet their quotas. (*Id.* ¶ 8.) Because of the volume of work Defendants assigned and the production requirements, background investigators regularly worked overtime hours. (*Id.* ¶¶ 9–10.)

In spite of this, Defendants discouraged background investigators from recording overtime, and instructed them to typically only record up to 40 hours per week. (*Id.* ¶ 7.) Background investigators generally could not record overtime hours without pre-approval and such approval was not regularly granted. (*Id.* ¶ 11.) Even in those instances when overtime was preapproved, it was often not enough to cover all the hours needed. (*Id.*)

As a result of these common policies and practices (requiring significant amounts of work and strict production metrics, on the one hand, while discouraging reporting of overtime, on the other), background investigators regularly worked unpaid overtime hours. (*Id.* ¶¶ 9–10.) Background investigators were all subject to Defendants' common policy and practice of not paying for all of their overtime hours worked. (*Id.* ¶ 10.) These policies were widespread; declarants discussed with other background investigators that Defendants' production requirements and overtime policies forced them to work unrecorded overtime. (*Id.* ¶ 15.)

Moreover, Defendants were aware of background investigators' widespread off-the-clock work. (Pittmon Dec. ¶ 14; MacKay Dec. ¶ 14; Baldwin Dec. ¶ 14; Bogenhagen Dec. ¶ 14; Combs Dec. ¶ 14; Long Dec. ¶ 14; McCuan Dec. ¶ 14; Vidamo Dec. ¶ 14.) For example, off-the-clock work was discussed on team conference calls with management. (Bogenhagen Dec. ¶ 15; McCuan Dec. ¶ 15; Pittmon Dec. ¶ 15.) Additionally, multiple investigators complained to their

supervisors about their hours and their inability to complete their work in 40 hours per week. (Baldwin Dec. ¶ 14; Bogenhagen Dec. ¶ 14; Combs Dec. ¶ 14; Long Dec. ¶ 14; MacKay Dec. ¶ 14; McCuan Dec. ¶ 14; Pittmon Dec. ¶ 14; Vidamo Dec. ¶ 14.) In some instances, background investigators who accurately reported their hours were told not to record overtime and that it needed preapproval (MacKay Dec. ¶ 14); or were told to record time under a different billing code (McCuan Dec. ¶ 14).

## III.   ARGUMENT

### A. The Lenient Standard for Authorizing Notice

To protect against excessive work hours, the FLSA requires all covered employees to be paid compensation for hours worked over forty in a workweek "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Section 16(b) of the FLSA, 29 U.S.C. § 216(b), gives an employee the right to bring a private cause of action on his or her own behalf and on behalf of "other employees similarly situated." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1109 (9th Cir. 2018). The only statutory requirement that must be satisfied by Plaintiffs to maintain an FLSA collective action is that he or she is "similarly situated" to the other employees whom they seek to represent. 29 U.S.C. § 216(b). The Ninth Circuit has interpreted this language to require no more than "that party plaintiffs must be alike with regard to some material aspect of their litigation." *Campbell*, 903 F.3d at 1114. Therefore, "[p]arty plaintiffs are similarly situated, and may proceed in a collective, to the extent they share similar issue of law or fact material to the disposition of their FLSA claims." *Id.* at 1117. For example, a department-wide policy or allegations of employment in the same capacity may be sufficient to establish a similar issue of law or fact at the judicial notice stage. *Id.* at 1102 ("credible allegations of a Department-wide policy should suffice to make the [plaintiffs] similarly situated"). "If the party plaintiffs' factual or

1    legal similarities are material to the resolution of their case, dissimilarities in other

2    respects should not defeat collective treatment." *Id.* at 1114.

3         The FLSA opt-in procedure provides that "[n]o employee shall be a party

4    plaintiff to any such action unless he gives his consent in writing to become such a

5    party and such consent is filed in the court in which such action is brought." 29

6    U.S.C. § 216(b). As the Supreme Court has explained, the FLSA's collective-action

7    mechanism serves the dual purpose of lowering litigation costs for plaintiffs and

8    decreasing the burden on the courts through "efficient resolution in one proceeding

9    of common issues of law and fact" arising from the same alleged unlawful activity.

10   *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). "These benefits . . .

11   depend on employees receiving accurate and timely notice concerning the pendency

12   of the collective action, so that they can make informed decisions about whether to

13   participate." *Id.*

14        To serve the FLSA's "broad remedial purpose," district courts have the

15   discretionary power to order notice to other potentially similarly situated employees

16   to inform them of their right to join the case. *Hoffmann-La Roche Inc.*, 493 U.S. at

17   173. "At this early stage of the litigation, the district court's analysis is typically

18   focused on a review of the pleadings but may sometimes be supplemented by

19   declarations or limited other evidence." *Campbell*, 903 F.3d at 1109. The Ninth

20   Circuit has characterized the standard for ordering Court-approved notice as

21   "lenient" and "loosely akin to a plausibility standard, commensurate with the stage

22   of the proceedings." *Id.*

23        At this notice stage, prompt court action is needed to preserve the claims of

24   potential opt-in plaintiffs. Unlike Rule 23 class actions, the statute of limitations for

25   a putative FLSA collective member who has not filed a consent form is not tolled

26   with the commencement of the action. *Ray v. California Dep't of Soc. Servs.*, 2019

27   WL 6888050, at *6 (C.D. Cal. Dec. 11, 2019). Rather, the potential plaintiff's

28

statute of limitations continues to run until the individual "opts in" to the case by filing a consent form. *Id.*; 29 U.S.C. § 216(b). "Thus, every day that passes is a day of damages each potential opt-in plaintiff will be unable to recover. Court-facilitated notice will prevent the continued erosion of these claims." *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 371 (S.D.N.Y. 2007); *see also Villarreal v. Caremark LLC*, 2014 WL 4247730, at *4 (D. Ariz. 2014) (recognizing the prejudice caused the running FLSA statute of limitations and rejecting the defendant's request for a 60 day extension to conduct discovery prior to filing an opposition to plaintiffs' motion for judicial notice).

While courts ordering issuance of court-approved notice often refer to this action as granting "conditional certification," it is "not a true certification." *Soto v. O.C. Communs., Inc.*, 319 F. Supp. 3d 1165, 1166 n.1 (N.D. Cal. 2018) (*quoting Halle v. W. Penn Allegheny Health System Inc.*, 842 F.3d 215, 224 (3d Cir. 2016)). "Preliminary certification in the FLSA context does not 'produce a class with an independent legal status or join additional parties to the action.'" *Campbell*, 903 F.3d at 1101 (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013). "'The sole consequence' of a successful motion for preliminary certification is 'the sending of court-approved written notice' to workers who may wish to join the litigation as individuals." *Id.* (quoting *Genesis*, 569 U.S. at 75).

At the notice stage, the Court need not consider the merits of the plaintiffs' FLSA claim. *La Parne v. Monex Deposit Co.*, 2009 WL 10674429, at *3 (C.D. Cal. Mar. 9, 2009); *see Richie v. Blue Shield of California*, 2014 WL 6982943, at *6 (N.D. Cal. Dec. 9, 2014). Plaintiffs also do not need to establish conclusively that a collective action is proper because a defendant will be free to revisit the issue at the close of discovery. *Misra v. Decision One Mortg. Co., LLC*, 673 F. Supp. 2d 987, 993 (C.D. Cal. 2008).

Here, Plaintiffs' declarations are more than sufficient to support issuance of notice. Because the plaintiff's burden is light, even "[a] handful of declarations may suffice" to make the showing. *Harris v. Vector Marketing Corp.*, 716 F. Supp. 2d 835, 838 (N.D. Cal. 2010). *See, e.g., Droesch v. Wells Fargo Bank, N.A.*, 2021 WL 1817058, at *3 (N.D. Cal. May 6, 2021) (nationwide notice based on three declarations); *Zissa v. Cty. of Los Angeles*, 2019 WL 8953355, at *3 (C.D. Cal. Sept. 20, 2019) (declarations from three workers sufficient to authorize notice for eighteen locations); *Knight v. Concentrix Corp.*, 2019 WL 3503052, at *3 (N.D. Cal. Aug. 1, 2019) ("three declarations are sufficient to meet their burden at the notice stage"); *Boyd v. Bank of Am. Corp.*, 2013 WL 6536751, at *2 (C.D. Cal. Dec. 11, 2013) (two declarations of review appraisers sufficient for judicial notice to this group); *Sanchez v. Sephora USA, Inc.*, 2012 WL 2945753, at *3 (N.D. Cal. July 18, 2012) (distributing notice to a collective of employees covering 280 stores based on four declarations); *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 467 (N.D. Cal. 2004) (authorizing notice for a nationwide collective based on three declarations). Even one opt-in beyond the Plaintiffs shows sufficient interest in the suit to warrant providing notice. *See, e.g.*, *Brooks v. A. Rainaldi Plumbing, Inc.*, 2006 WL 3544737, *2 (M.D. Fla. Dec. 8, 2006) (even one opt-in notice can warrant conditional certification). In this matter, including the Named and opt-in Plaintiffs, there are 21 individuals from 12 states who have joined, demonstrating sufficient interest at this stage of litigation. (Brome Dec. ¶ 3.)

**B. Plaintiffs Have Shown that Background Investigators are Similarly Situated.**

Plaintiffs have met their lenient burden of demonstrating they are similarly situated to the opt-in and potential opt-in Plaintiffs. Plaintiffs' Complaint, declarations from eight opt-in Plaintiffs who worked in six states, and the other

evidence, amply demonstrates that Defendants' background investigators are similarly situated in important ways.

    i.    <u>Background investigators are similarly situated with respect to their job duties and compensation.</u>

First, as demonstrated by the Complaint and the declarations submitted with this motion, Defendants' background investigators all share the same primary job—performing background investigations on individuals seeking security clearance. They do this job from home and in the field, spending much of their time performing interviews and collecting required documents. At the end of the day, they compile reports that include their interviews and the documents they collected in accordance with Defendants' specific guidelines and instructions. Second, Defendants pay all background investigators the same way—on an hourly basis.

    ii.    <u>Plaintiffs are similarly situated because Defendants' common policies and practices require off-the-clock work.</u>

Background investigators are also similarly situated because Defendants subject them to strict production quotas that typically cannot be accomplished in a 40-hour workweek, require preapproval for the recording of overtime hours worked, and routinely discourage the recording of overtime hours worked. These common policies and practices led to the off-the-clock violations at issue here and warrant issuance of judicial notice. *E.g.*, *Droesch*, 2021 WL 1817058, at *4 (plaintiff "has adequately alleged that she is similarly situated to other telephone-based employees who because of Defendant's policies and practices are required to perform off-the-clock work in contravention of the FLSA."); *Zissa*, 2019 WL 8953355, at *3 (granting judicial notice based on plaintiffs' allegations that off-the-clock work resulted from "(1) heavy caseloads and strict deadlines, (2) the [employer's] pre-approval policy, and (3) CSW managers' unwillingness to grant overtime requests"); *Hernandez v. Sephora USA, Inc.*, 2017 WL 6209308, at *4

(N.D. Cal. Dec. 8, 2017); *Stitt v. San Francisco Mun. Transportation Agency*, 2014 WL 1760623, at *11 (N.D. Cal. May 2, 2014); *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 537 (N.D. Cal. 2007) ("actions with off-the-clock allegations are suitable for collective action certification"). Courts in other districts similarly authorize judicial notice in off-the-clock cases. *See, e.g.*, *Hammond v. Floor & Decor Outlets of Am., Inc.*, 2020 WL 6459641, at *6, *17 (M.D. Tenn. Nov. 3, 2020); *Miller v. MV Transp., Inc.*, 331 F.R.D. 104, 112 (W.D. Tex. 2019); *Brennan v. Qwest Communications Int'l, Inc.*, 2008 WL 819773, at *1 (D. Minn. Mar. 25, 2008).

Despite working in different locations around the country, investigators share these core similarities. Plaintiffs' declarations cover six states and demonstrate that background investigators are all subject to the same unlawful practice, regardless of where they work. *See Droesch*, 2021 WL 1817058, at *3 (nationwide notice based on three declarations); *Zissa*, 2019 WL 8953355, at *3 (declarations from three workers sufficient to authorize notice for eighteen locations); *Sanchez*, 2012 WL 2945753, at *3 (declarations from named plaintiff and three opt-ins was sufficient to authorize notice to employees from 280 stores).

### C. Court Authorized Notice is Appropriate.

The benefits to the judicial system of collective actions "depend upon employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche*, 493 U.S. at 170. Accordingly, district courts are encouraged to become involved in the notice process early, to ensure "timely, accurate, and informative" notice and to help maintain control of the litigation. *Id.* at 171–72. Court authorization of notice also serves the "legitimate goal of avoiding a multiplicity of duplicative suits." *Id.* at 172. This case is an appropriate one to send court-approved notice.

Plaintiffs' proposed notices are "timely, accurate, and informative." *See Hoffmann-La Roche*, 493 U.S at 172. They were drafted to achieve the ultimate goal of providing employees with clear and instructive notice. The Court should adopt the proposed mail, email, and text message notices, with a reminder postcard to follow and authorize distribution.  (*See* Proposed Mail Notice, Brome Dec. Ex. 1; Proposed Email Notice, Ex. 2; Proposed Text Notice, Ex. 3; Proposed Reminder Postcard, Ex. 4.)

Informing putative plaintiffs of this action through these means is reasonable. Courts have recognized that email and text notice are an inexpensive and efficient compliment to mailed notice. *See Belt v. P.F. Chang's China Bistro, Inc.*, 2020 WL 3829026, at *9 (E.D. Pa. Jul. 8, 2020) (explaining, "It is appropriate in the modern digital age to distribute notice by mail, email, and text, because although people frequently move and change addresses, they typically retain the same email addresses and phone numbers.") (collecting cases). As one court summarized:

> The purpose of sending notices to class members is to ensure that such notices are read and considered by the recipients. The diversity of these three methods increases the likelihood that each class members will review the notice. First-class mail may be discarded as junk and e-mails may be inadvertently filtered to junk mail folders, but text messages are less likely to be ignored or overlooked.

*Lupardus v. Elk Energy Servs., LLC*, 2020 WL 4342221, at *9 (S.D. W. Va. July 28, 2020). The distribution of notice by mail, email, and text is routinely permitted by courts. *See, e.g.*, *Herrera v. EOS IT Mgmt. Sols., Inc.*, 2020 WL 7342709, at *12 (N.D. Cal. Dec. 14, 2020) (ordering notice to be sent by mail, email, and text message); *Shoults v. G4S Secure Sols. (USA) Inc.*, 2020 WL 8674000, at *4 (D. Ariz. July 31, 2020) (same); *Ray*, 2019 WL 6888050, at *6 (same), *Dudley v. TrueCoverage LLC*, 2018 WL 6431869, at *5 (C.D. Cal. Sep. 28, 2018) (same); *Vigers v. Emergency Servs. Restoration, Inc.*, 2018 WL 6930885, at *3 (C.D. Cal.

June 21, 2018) (same); *Irvine v. Destination Wild Dunes Mgmt.*, Inc., 132 F. Supp. 3d 707, 711 (D.S.C. 2015) ("The request that notice be distributed via direct mail, email and text messaging appears eminently reasonable to the Court. This has become a much more mobile society with one's email address and cell phone number serving as the most consistent and reliable method of communication. Political candidates now routinely seek out their supporters' cell phone numbers and email addresses because traditional methods of communication via regular mail and land line telephone numbers quickly become obsolete."); *Eley v. Stadium Grp., LLC*, 2015 WL 5611331, at *4 (D.D.C. Sept. 22, 2015) (granting request for mail, email, and text message notice because the request was "in line with what has been approved in other FLSA collective actions").

Here, disseminating the notice by mail, e-mail, and text will help ensure that the Court-ordered notice will effectively reach background investigators and inform them of their rights. Mailed notice inevitably fails to reach people and is often lost in a pile of junk mail and bills. It is also inevitable that some recipients will misunderstand the notice's significance or requirements. In addition, individuals no longer working for Defendants may have moved, perhaps more than once, and may not receive forwarded mail. There is no prejudice to Defendants if workers receive notice by alternate means, but there could be prejudice to employees who do not receive or read the physical notice. Disseminating notice by mail, e-mail, and text helps alleviate these problems. Moreover, the background investigator workforce appears especially well-suited for email and text notice, since it is a group that is often working in the field.

Plaintiffs also request permission to mail a reminder postcard 60 days after the notice is mailed to putative plaintiffs. (Reminder Postcard, Brome Dec. Ex. 4.) Reminder notices are important because putative plaintiffs may not receive, open or review the initial notice. They may also misplace the initial notice or forget about it.

A reminder postcard reminds people of the upcoming deadline to ensure that if they wish to join, they do so in a timely manner.  *See, e.g.*, *Ray*, 2019 WL 6888050, at *6; *Dudley*, 2018 WL 6431869, at *5 ("Reminder notices to potential opt-in plaintiffs also are common"); *Cuevas v. Dias & Fragoso, Inc.*, 2018 WL 1725605, at *7 (E.D. Cal. Apr. 10, 2018), *report and recommendation adopted*, 2018 WL 2046962 (E.D. Cal. May 2, 2018); *Gee v. Suntrust Mortg., Inc.*, 2011 WL 722111, at *4 (N.D. Cal. Feb. 18, 2011).

Plaintiffs request a 90-day opt-in period, which provides a reasonable time for putative plaintiffs to receive notice and join, and is consistent with the practices in this district. *See, e.g.*, *Shafer v. Red Tie, LLC*, 2021 WL 1139739, at *5 (C.D. Cal. Mar. 25, 2021); *Harris v. 68-444 Perez, Inc.*, 2020 WL 6586312, at *4 (C.D. Cal. Apr. 23, 2020); *Ortega v. Spearmint Rhino Companies Worldwide, Inc.*, 2019 WL 2871156, at *9 (C.D. Cal. May 15, 2019); *Saleh v. Valbin Corp.*, 297 F. Supp. 3d 1025, 1037 (N.D. Cal. 2017); *Hightower v. JPMorgan Chase Bank, N.A.*, 2015 WL 12644569, at *13 (C.D. Cal. Feb. 3, 2015); *Goodwin v. Citywide Home Loans, Inc.*, 2014 WL 7174223, at *5 (C.D. Cal. Nov. 6, 2014); *Ribot v. Farmers Ins. Group*, 2013 WL 5351085, at *3 (C.D. Cal. Sept. 24, 2013); *Gatdula v. CRST Int'l, Inc.*, 2012 WL 12884919, at *7 (C.D. Cal. Aug. 21, 2012).

## D. The Names and Contact Information for all Putative Collective Members is Necessary to Carry out Notice

The Court should also order Defendants to provide Plaintiffs with a list of all putative collective members and their contact information. The identification of these individuals is critical for Plaintiffs to provide notice of the action as contemplated by the FLSA. *See Hoffmann-La Roche*, 493 U.S. at 170 (affirming that the district court correctly permitted discovery of the names and addresses of the putative opt-ins); *see also Goodwin*, 2014 WL 7174223, at *5; *Carter v.*

-13-

*Anderson Merchandisers, LP*, 2008 WL 2783193, *7 (C.D. Cal. 2008); *Misra, LLC*, 673 F. Supp. 2d at 999.

Accordingly, Plaintiffs respectfully request that within ten days of the Court's order, Defendants be required to provide Plaintiffs' counsel with a list (in Excel or similar format) of <u>all employees who work or worked as background investigators for Defendants, at any time from three years prior to the filing of this action</u>. This list should include each individual's (1) name, (2) unique employee identifier, (3) addresses, (4) cellular telephone number, and (5) personal email address. *See Herrera*, 2020 WL 7342709, at *11 (ordering production of all known telephone numbers and email addresses, not limited to "last known"); *Goodwin*, 2014 WL 7174223, at *5 (granting notice and ordering defendant to produce a Microsoft Excel spreadsheet containing the list and contact information for the putative collective members within ten days); *Tomassi v. City of Los Angeles*, 2008 WL 4722393, at *2 (C.D. Cal. Oct. 24, 2008) ("It is well settled that district courts have the discretion under Section 216(b) of the FLSA to direct a defendant employer to disclose the names and addresses of potential class members.").

## IV.   CONCLUSION

For the reasons set forth above, the Court should: (1) order distribution of judicial notice to all background investigators who worked for CACI in the three years prior to the filing of this action; (2) approve Plaintiffs' proposed forms of notice and authorize distribution by mail, email, and text message, including a reminder postcard; and (3) require Defendants to produce the requested contact information within ten days.

Dated: July 2, 2021                          **NICHOLS KASTER, LLP**

                                             By:    s/Daniel S. Brome
                                                    Daniel S. Brome

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorney for Plaintiffs and Others Similarly Situated

NOTICE OF MOTION AND MOTION FOR DISTRIBUTION OF JUDICIAL NOTICE