UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:21-cv-02044-DOC-SSC                                             Date: July 10, 2024

Title: LISA PITTMON ET AL. V. CACI INTERNATIONAL, INC. ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Rolls Royce Paschal for Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING MOTION TO REOPEN DISCOVERY [160]**

Before the Court is Plaintiffs Joel Mackay and Lisa Pittmon (collectively, "Plaintiffs")'s Motion to Reopen Discovery ("Motion" or "Mot.") (Dkt. 160). The Defendants in this case are Defendants CACI, Inc. – Federal ("CACI") and CACI International, Inc (collectively, "Defendants"). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. For the reasons explained below, the Court DENIES the Motion.

**I.   Background**

Plaintiffs are former employees of CACI, an information technology company that conducts background investigations. *See* First Amended Complaint ("FAC.") (Dkt. 48) ¶¶ 4-5. On March 5, 2021, Plaintiffs brought this action in July 2021 on behalf of themselves and those similarly situated, alleging that CACI unlawfully pressured its employees to work unpaid hours and without legally required breaks, such that they were not properly compensated for all the hours they worked. *See generally id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:21-cv-02044-DOC-SSC    Date: July 10, 2024

Page 2

Specifically, Plaintiffs allege claims pursuant to the Fair Labor Standards Act ("FLSA"), California's Labor Code, including its Private Attorneys General Act ("PAGA"), and California's Industrial Welfare Commission Wage Orders. *Id.* ¶¶ 12-22.

On July 2, 2021, Plaintiffs moved for preliminary certification of a collective action (Dkt. 41),[1] which the Court granted on August 27, 2021 (Dkt. 56). Plaintiffs sought to pursue their California Labor Code claims on behalf of a Rule 23 class, to bring their FLSA claims as a collective action, and to bring the PAGA claims on a representative basis. *See* Mot. at 1. Approximately 335 individuals joined the case through the notice process. *Id.* at 3. Plaintiffs then moved for class certification on February 21, 2022 (Dkt. 69), which the Court denied on August 11, 2022 (Dkt. 91).

Because the hearing on class certification was postponed by nearly six months, the Court granted a four-month extension on the discovery deadline, from July 7, 2022 to November 7, 2022. *See* Defendants' Ex Parte Application for Continuance of Trial and Further Case Dates (Dkt. 84) at 3; *see also* Order Granting Defendants' Ex Parte Application (Dkt. 85). On September 22, 2022, the parties met for mediation but did not resolve the matter. (Dkt. 94). However, the Parties agreed to additional time to produce additional electronically stored information ("ESI"), and that each side could conduct approximately fifteen more depositions. *See* Opposition ("Opp'n") at 11.

On January 13, 2023 and April 13, 2023, the parties requested a third and fourth discovery extension to complete production of ESI, for opt-in Plaintiffs to respond to CACI's written discovery, and for both parties to schedule depositions (Dkt. 102; Dkt. 110). In total, discovery lasted 25 months, starting in May 2021 and ending in June 2023, lasting about 25 months. Defendants assert that they produced "approximately 73,500 documents (166,700 pages) from 59 custodians, 9,000 spreadsheets, and the creation and production of email logs for the Named Plaintiffs." Opp'n at 12. Plaintiffs likewise assert that the discovery process "led to direct evidence of off-the-clock work by background investigators and evidence of CACI's knowledge of that work." Mot. at 4.

---

[1] Plaintiffs drafted their motion as a "Motion for Distribution of Judicial Notice" pursuant to 29 U.S.C. § 261(b), which the Court treated as a motion for preliminary certification of a FLSA collective action. *See* Order Granting Plaintiffs' Motion for Preliminary Certification of a Collective Action at 2.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-02044-DOC-SSC					Date: July 10, 2024

Page 3

In August 2023, following the close of discovery, Defendant filed a motion for summary judgment (Dkt. 128), a motion for decertification (Dkt. 131), and a motion to strike or dismiss the PAGA claims (Dkt. 127). Plaintiffs opposed each of these motions (Dkts. 134, 135, 136). On October 26, 2023, the Court granted Defendant's motion for FLSA decertification, while denying Defendant's motion to strike the PAGA claims (Dkt. 147). The Court subsequently denied Defendant's request to dismiss the PAGA claims without prejudice (Dkt. 156).

The Court then issued an order setting a trial for November 26, 2024 (Dkt. 156), which was advanced on June 28, 2024 to October 29, 2024. (Dkt. 164). On June 6, 2024, Plaintiffs brought this Motion to reopen discovery, arguing that the Court's rulings on summary judgment, decertification, and the PAGA claims warrant reopening discovery to produce additional email logs[2] and conduct additional trial depositions. Mot. at 11-12. Defendants filed an Opposition on June 17, 2024 (Dkt. 162), and Plaintiffs filed a Reply on June 24, 2024 (Dkt. 163).

## II.    Legal Standard

Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16 provides that the district court has discretion to grant or deny motions to reopen discovery. *See United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995). The following factors are considered by the Court in exercising its discretion:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the

---

[2] An email log is a spreadsheet providing the following information: the recipient(s), subject, date, and time of every email sent by an employee. *See* Opp'n. at 11.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:21-cv-02044-DOC-SSC | Date: July 10, 2024 |

Page 4

district court, and 6) the likelihood that the discovery will
lead to relevant evidence.

*Id.* (citing *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)). Although no single factor is necessarily dispositive, "the Ninth Circuit has instructed that the primary focus should be on whether the party seeking to reopen discovery has acted diligently." *San Bernardino Cnty. v. Insurance Company of The State of Pennsylvania*, 2023 WL 5670790, at *2 (C.D. Cal. 2023) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

### III. Discussion

Plaintiffs move to reopen discovery for two reasons. First, Plaintiffs seek to obtain email logs for additional background investigators, which Plaintiffs allege will provide "direct evidence of off-the-clock work." Mot. at 2. Second, Plaintiffs seek to conduct trial depositions of additional background investigators to supplement live testimony during trial. Plaintiffs argue this additional discovery will make the trial more efficient. *Id.* at 3. The Court applies the six factors from *Hughes Aircraft* to determine whether reopening discovery is warranted, addressing each factor in turn.

#### A. Whether Trial is Imminent

As to the first factor, the trial set for November 26, 2024, was not imminent at the time Plaintiffs made their request. *See Sateriale v. R.J. Reynolds Tobacco Co.*, 2015 WL 4162485, at *3 (C.D. Cal. July 8, 2015) (finding trial nearly five months away was not imminent and weighed in favor of reopening discovery). However, since filing their Motion, the Court has advanced the trial to October 29, 2024. (Dkt. 164). Considering that discovery has been extended four times over the course of 25 months, reopening discovery at this stage would constitute delay, and would delay the trial date. Accordingly, "because trial is only four months away, the court finds this factor weighs against reopening discovery." *Agosto v. Cnty. of Los Angeles*, 2023 WL 3402153, at *3 (C.D.Cal., 2023)

#### B. Whether the Request Is Opposed

The second factor considers whether Plaintiffs' request is opposed. *See Multiple Energy Technologies, LLC v. Casden*, 2022 WL 16972482, at *4 (C.D. Cal., 2022). Here,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:21-cv-02044-DOC-SSC						Date: July 10, 2024

Page 5

Defendant opposes the request. *See generally* Opp'n. Accordingly, this factor weighs against reopening discovery.

### C. Prejudice to the Non-Moving Party

Defendant asserts that it would be prejudiced if the Court were to reopen discovery because it would be time-consuming, burdensome, and expensive to produce the requested documents. Opp'n. at 22. The Court agrees. Reopening discovery may prejudice the non-moving party "when it requires additional costs and major alterations in trial tactics and strategy." *Morris v. Sutton*, 2019 WL 2994291, at *5 (E.D. Cal. July 9, 2019) (citing *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016)).

Here, Defendant argues it would be prejudiced because it has already engaged in post-discovery briefing, including motions for summary judgment and decertification, at "considerable expense." Opp'n. at 22. Defendant also argues that there would be additional litigation costs associated with conducting depositions and producing the email logs. *Id.* Accordingly, this factor weighs against reopening discovery. *See Morris v. Sutton*, 2019 WL 2994291, at *6 (E.D.Cal., 2019) ("[P]rejudice to the non-moving party can occur when the trial is delayed, additional costs will be incurred, and major alterations in trial tactics and strategy will result").

### D. Diligence of the Moving Party

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (internal quotations omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (internal citation omitted).

The Court finds Plaintiffs did not demonstrate diligence in pursuing the additional email logs. Defendant states that because the PAGA claims have been at issue throughout the 25 months of discovery, "it was foreseeable that Plaintiffs might need discovery on the PAGA claims, including into whether the aggrieved employees sent emails outside of

Case 2:21-cv-02044-DOC-SSC  Document 167  Filed 07/10/24  Page 6 of 7  Page ID #:9003

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-02044-DOC-SSC                                      Date: July 10, 2024

Page 6

working hours." Opp'n. at 22. Defendant further asserts that because Plaintiffs repeatedly brought up the issue of additional email logs, the need for this information was foreseeable. *Id.* at 22-23. Indeed, the "Plaintiffs do not dispute they have been aware of the potential to obtain additional email logs for some time." Mot. at 18. Rather, Plaintiffs allege that Defendant misrepresented the cost to produce the email logs. *Id.* Plaintiffs allege that the cost of generating the logs is less than $13,000. *Id.* Defendant, meanwhile, stated that creating the logs and hosting them for one month would cost approximately $280,000. *See* Defendants' Response to Plaintiffs' Proposed Trial Plan, Declaration of Ryan H. Crosner (Dkt. 155-1).

Even if the cost to produce additional email logs is less than Defendant's estimate, Plaintiffs' have not been diligent because they have waited nearly one year since the close of discovery to submit their Motion. *See Campos-Eibeck v. C R Bard Inc.*, 2020 WL 835305, at *4 (S.D. Cal., 2020) (finding that a "plaintiff was not diligent in pursuing discovery where it learned of additional evidence after the close of discovery but did not motion to reopen discovery until four months after the close of discovery") (citing *Lexington Ins. Co. v. Scott Homes Multifamily, Inc.*, 2015 WL 751204, at *5 (D. Ariz., 2015). That Plaintiffs were aware of the email logs long before the end of discovery and have been aware of a potential discrepancy in the cost to produce the email logs indicates that this was an issue that could have been resolved during the normal discovery period.

As to the trial depositions, Plaintiffs have not shown they acted diligently to schedule these while the discovery period was open. Indeed, Defendant asserts that Plaintiff "only utilized 11 of their allotted 15 fact-witness depositions during discovery." Opp'n. at 18. Plaintiffs argue that additional depositions will address whether and how frequently additional background investigators worked hours off-the-clock, and why Defendant knew or should have known about this work. Mot. at 14. However, Plaintiffs have already stated that they secured "direct evidence of off-the-clock work by background investigators and evidence of CACI's knowledge of that work." *Id.* at 4. Indeed, if Plaintiffs required additional discovery to this effect, they could have conducted additional depositions during the 25-month discovery period. Accordingly, Plaintiffs' lack of diligence in pursuing foreseeable evidence weighs heavily against reopening discovery.

### E.  Foreseeability of the Need for Additional Discovery

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:21-cv-02044-DOC-SSC  Date: July 10, 2024

Page 7

The fifth factor addresses whether additional discovery was foreseeable or likely to lead to relevant evidence. As discussed above, both Parties agree that Plaintiffs have known of the need for this discovery throughout the normal discovery process.

### F. Likelihood the Discovery Will Lead to Relevant Evidence

Plaintiffs state that the requested email logs will demonstrate additional instances of off-the-clock work, even if not the full extent of such work, whereas the depositions will provide further evidence about whether background investigators worked off-the-clock, and Defendant knew or should have known about the work. Mot. at 14. In response, Defendant asserts that the evidence from the email logs will not be probative.[3] The Court finds that although the discovery requested may lead to additional relevant evidence, Plaintiffs already had the opportunity to pursue this information during the 25-month discovery process.

### IV. Disposition

On balance, the six factors from *Hughes Aircraft*, including the most important factor of Plaintiffs' diligence, weigh against opening discovery. Accordingly, Plaintiffs fail to establish good cause to reopen discovery. The Court **DENIES** Plaintiffs' motion to reopen discovery.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                         Initials of Deputy Clerk: kdu

CIVIL-GEN

---

[3] Defendant makes several arguments about the value of the email logs, including that the flexibility of background investigator role permits the investigator to set his or her own hours, so that emails sent outside of working hours do not necessarily indicate off-the-clock work. Opp'n. at 25. Defendant also states that it has provided pay data that shows that "over 20% of paychecks issued to PAGA claimants contained overtime pay," demonstrating that it *did* pay employees who worked additional hours. *Id.*