1

2

3

4

5

6

7

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

8

9   Lisa Pittmon and Joel MacKay, on behalf of themselves and others similarly situated, and on behalf of the general public,

10

11

Case No.  2:21-cv-02044-DOC-SSCx

12                   Plaintiffs,

**ORDER AND JUDGMENT GRANTING MOTION FOR SETTLEMENT APPROVAL [172]**

13         v.

14   CACI, Inc., – Federal,

Date: October 21, 2024
Time: 8:30 a.m.

15                   Defendant.

Place: Courtroom 10A
Hon. David O. Carter

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

The Plaintiffs' Motion for Settlement Approval was scheduled for hearing on October 21, 2024 at 8:30am in the District Court for the Central District of California, the Honorable David O. Carter presiding. The Court, having considered the papers submitted in support of the application of the Parties, determined that matter was suitable for decision without a hearing, and HEREBY ORDERS THE FOLLOWING:

The Court grants approval of the Settlement based upon the terms set forth in the Settlement Agreement and the approval motion, and based upon the Brome Declaration in support of the agreement and related exhibits, and all of the briefing and information submitted in this case to date. The Gross Settlement Amount, $335,000.00 is reasonable, and the allocation is fair. The scope of the releases is reasonable for the Named Plaintiffs and the aggrieved employees. The Settlement appears to be fair, adequate and reasonable as to the Private Attorneys General Act ("PAGA") claims. The Settlement appropriately balances the risks of further proceedings against the strengths of Plaintiffs' case, and the amount offered in settlement is fair considering the possible outcomes through trial. Additionally, the Settlement has followed PAGA's statutory requirements, further supporting approval. The Settlement is also approved as to the Named Plaintiffs' FLSA claims. The Settlement reflects a reasonable compromise on *bona fide* disputes, and is not the result of employer overreach. The Settlement is supported by the recommendations of counsel and was negotiated at arms' length, and is thus presumptively valid.

Further, the Court approves the request for attorneys' fees and costs; the fee request is at the Ninth Circuit's benchmark 25% rate, and is justified by the results obtained here and by a lodestar cross-check, which indicates a significant negative multiplier. The costs are substantially less than the actual expenses Plaintiffs' Counsel has incurred, and appear reasonable and appropriate to litigate this case. The

-2-

1    Court approves the request for $500 as the Named Plaintiffs' enhancement payments.

2    The Court approves Legal Aid at Work as the *cy pres* recipient for any uncashed

3    checks.

4         The Court approves the timing and procedure for distributing payment set out

5    in the Settlement. The Court retains jurisdiction for the limited purposes of enforcing

6    the Settlement, as set out in the Agreement.

7

8    IT IS SO ORDERED.

9

10   LET JUDGMENT BE ENTERED ACCORDINGLY.

11

12

13   Dated:  September 30, 2024

                              Hon. David O. Carter
14                            United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

[PROPOSED] ORDER AND JUDGMENT